**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

*Attorneys for Debra Kramer, Plaintiff-Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 7

MICHAEL O MCCOMISKEY                          Case No.: 20-43450-ess
and FLORENCE C MCCOMISKEY
*aka* FLORENCE MCDONALD,

                          Debtors.
-----------------------------------------------------------x
DEBRA KRAMER, Solely as Chapter 7              Adv. Pro. No.: 21-
Trustee of the Estate of
MICHAEL O MCCOMISKEY and
FLORENCE C MCCOMISKEY
*aka* FLORENCE MCDONALD,

                          Plaintiff,

-against-

MICHAEL H. MCCOMISKEY,
JULIA A. MCEVOY
*aka* JULIA A. MCEVOY MCCOMISKEY,
MICHAEL H. MCCOMISKEY, as Trustee of
the 396 BERGEN TRUST,
JULIA A. MCEVOY, as Trustee of
the 396 BERGEN TRUST and
396 BERGEN TRUST,

                          Defendants.
-----------------------------------------------------------x

## **COMPLAINT**

Debra Kramer, Solely as Chapter 7 Trustee (the "<u>Plaintiff</u>") of the Estate of Michael O

McComiskey (the "<u>Debtor</u>") and Florence C McComiskey *aka* Florence McDonald (collectively,

the "Debtors"), by and through her counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this, as and for her complaint (the "Complaint") against Michael H. McComiskey ("Michael"), Julia A. McEvoy *aka* Julia A. McEvoy McComiskey ("Julia"), Michael H. McComiskey, as Trustee of the 396 Bergen Trust ("Michael, as Trustee"), Julia A. McEvoy, as Trustee of the 396 Bergen Trust ("Julia, as Trustee") and 396 Bergen Trust (the "Trust", and together with Michael, Julia, Michael, as Trustee and Julia, as Trustee, collectively, the "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is a fraudulent conveyance action by the Plaintiff, the Chapter 7 Trustee: (i) to recover the Debtor's interest in the real property commonly known as 396 Bergen Street, Brooklyn, New York 11217, identified under Block 932, Lot 23, in the Borough of Brooklyn (the "Property"), which is at least fifty percent (50%), within the six (6) year reach-back period, for no consideration or reasonably equivalent value and while the Debtor was indebted to creditors and/or insolvent; (ii) to recover attorneys' fees and costs; together with (iii) such other, further and different relief as the Court deems just, proper and equitable.

2.      This action arises out of the transfer of the Debtor's interest in the Property, which is at least fifty percent (50%), to Michael and Julia and Michael's and Julia's subsequent transfer to Michael, as Trustee, Julia, as Trustee and the Trust.

3.      By this action, the Plaintiff seeks to avoid the initial transfer and subsequent transfer and preserve and recover the Property for the benefit of the Debtor's estate.

4.      The Plaintiff brings this action here because the Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

## JURISDICTION AND VENUE

5.     This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

6.     The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

7.     This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

8.     The statutory predicates for the relief sought herein include sections 105, 323, 502, 541, 542, 544, 548, 550 and 551 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure, sections 273, 274, 275, 276, 276-a, 278 and 279 of the New York Debtor and Creditor Law (the "<u>DCL</u>")[1], section 2201 of Title 28 of the United States Code, New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to the Plaintiff are located.

9.     Pursuant to Rule 7008 of the Bankruptcy Rules, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

---

[1] On December 6, 2019, then-Governor Andrew Cuomo signed into law a new fraudulent transfer statute to replace the New York Fraudulent Conveyance Act ("<u>NYFCA</u>"), which has been in place in New York since 1925. The new law, entitled the New York Voidable Transactions Act (the "<u>NYVTA</u>"), is intended to modernize the existing statute and bring New York law in line with federal law and the law in most other states. The NYVTA became effective in New York on April 4, 2020. It will apply only to transactions on or after April 4, 2020. Therefore, this action is governed by the NYFCA.

## THE PARTIES

10.     The Plaintiff is the Chapter 7 Trustee herein. The Plaintiff has a mailing address of 10 Pantigo Road, Suite 1, East Hampton, New York 11937. The Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Rule 6009 of the Bankruptcy Rules.

11.     Defendant Michael H. McComiskey is an individual and, upon information and belief, has a mailing address of 396 Bergen Street, Brooklyn, New York 11217. Upon information and belief, Michael is the Debtor's father and is an "insider" of the Debtor as that term is defined in the Bankruptcy Code.

12.     Defendant Julia A. McEvoy *aka* Julia A. McEvoy McComiskey is an individual and, upon information and belief, has a mailing address of 515 Deer Run Road, Shohola, Pennsylvania 18458. Upon information and belief, Julia is the Debtor's mother and is an "insider" of the Debtor as that term is defined in the Bankruptcy Code.

13.     Defendant Michael H. McComiskey, as Trustee of the 396 Bergen Trust is an individual and, upon information and belief, has a mailing address of 396 Bergen Street, Brooklyn, New York 11217.

14.     Defendant Julia A. McEvoy, as Trustee of the 396 Bergen Trust is an individual and, upon information and belief, has a mailing address of 515 Deer Run Road, Shohola, Pennsylvania 18458.

15.     Upon information and belief, defendant 396 Bergen Trust has an address for the conduct of business at 396 Bergen Street, Brooklyn, New York 11217.

## <u>ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF</u>

**A.**     **<u>The Bankruptcy Filing and Appointment of the Plaintiff</u>**

16.     On September 25, 2020 (the "<u>Petition Date</u>"), the Debtors commenced a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

17.     The Plaintiff was appointed interim Chapter 7 Trustee of the Debtors' estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtors' estate.

18.     The Debtors are represented by counsel.

**B.**     **<u>The Predicate Debt</u>**

19.     The Debtor was indebted to creditors as of the date of the Initial Transfer (defined below).

20.     At the time of the Initial Transfer, the Debtor was obligated to Capital One Bank (USA), N.A. ("<u>Capital One</u>") in the amount of $4,750.20. The Debtor carried a balance with Capital One and, as of May 4, 2017 (following the Initial Transfer), the Debtor maintained a balance with Capital One in the amount of $4,757.35.

21.     In addition, the Debtor was also obligated to Merrick Bank in the amount of $5,778.99 as of the date of the Initial Transfer. The Debtor also carried a balance with Merrick Bank and, as of May 6, 2017, the Debtor maintained a balance with Merrick Bank in the amount of $5,771.17.

22.     Accordingly, the Debtor was indebted to creditors as of the date of the Initial Transfer.

**C.    The Initial Transfer**

23.    The Debtor, together with Nora K. Kaiser ("Kaiser"), acquired title to the Property by deed (the "Debtor-Kaiser Deed") dated April 24, 2017, and recorded on May 9, 2017, with the Office of the City Register of the City of New York under CRFN 2017000176273.

24.    The Debtor-Kaiser Deed was given for no consideration.

25.    The Debtor and Kaiser – just three (3) days after they acquired title to the Property – transferred their interest in the Property to Michael and Julia by deed dated April 27, 2017 (the "Michael-Julia Deed"), and recorded on May 9, 2017, with the Office of the City Register of the City of New York under CRFN 2017000176234 (the "Initial Transfer").

26.    Based on the Real Property Transfer Report in connection with the Michael-Julia Deed, the Initial Transfer was for no consideration.

27.    The Debtor received no consideration or reasonably equivalent value for the Initial Transfer.

28.    The Initial Transfer was made at a time when the Debtor was insolvent, or the Initial Transfer rendered the Debtor insolvent.

29.    At the time of the Initial Transfer, the Debtor was indebted to creditors and the Debtor was not paying his obligations as they became due and owning.

30.    The Initial Transfer was made within six (6) years of the Petition Date.

31.    The Debtor made the Initial Transfer with actual intent to hinder, delay or defraud his creditors.

32.    As of the Petition Date, there were actual existing unsecured creditors holding claims allowable under section 502(e) of the Bankruptcy Code, who could have avoided the Initial Transfer under the DCL.

6

**D.** **The Subsequent Transfer**

33.    Michael and Julia then transferred their interest in the Property to Michael, as Trustee and Julia, as Trustee by deed dated July 12, 2017 (the "396 Bergen Deed"), and recorded on December 28, 2017, with the Office of the City Register of the City of New York under CRFN 2017000473881(the "Subsequent Transfer" and the Initial Transfer, collectively, the "Transfers").

34.    Based on the Real Property Transfer Report in connection with the 396 Bergen Deed, the Subsequent Transfer was also for no consideration.

35.    Michael, as Trustee, Julia, as Trustee and the Trust are subsequent transferees of the Property.

36.    Michael, as Trustee and Julia, as Trustee are the trustees of the Trust.

**E.** **The Plaintiff is Entitled to Attorneys' Fees**

37.    Section 276-a of the DCL allows a Plaintiff to recover their attorneys' fees in a fraudulent conveyance action. Thus, the Defendants are liable for the Plaintiff's attorneys' fees and costs incurred in bringing this action.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**(Property and Turn Over of Property of the Estate under 11 U.S.C. §§ 541 and 542)**

38.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "37" as if set forth fully herein.

39.    The Debtor has a legal and equitable interest in the Transfers and in the Property.

40.    The Debtor's legal and equitable interest in the Transfers and in the Property are property of the Debtor's estate.

41.    The Defendants had no right or entitlement to the Transfers, or the Property, or the benefit thereof.

42.     By reason of the foregoing, and in accordance with sections 541 and 542 of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment directing: (a) Michael and Julia to turn over the Debtor's interest in the Property, which is at least fifty percent (50%), or the fair market value thereof, or the Property, or the fair market value thereof, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court; and (b) Michael, as Trustee, Julia, as Trustee and the Trust to turn over the Debtor's interest in the Property, which is at least fifty percent (50%), or the fair market value thereof, or the Property, or the fair market value thereof, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL AND JULIA
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B))

43.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "42" as if set forth fully herein.

44.     The Initial Transfer was made within six (6) years of the Petition Date.

45.     The Debtor received no consideration or reasonably equivalent value in exchange for the Initial Transfer.

46.     Upon information and belief, the Debtor: (a) was insolvent on the date of the Initial Transfer or became insolvent as a result of the Initial Transfer; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with him was an unreasonably small capital; or (c) intended to incur or believed that he would incur debts beyond his ability to pay as they matured.

47.     At the time of the Initial Transfer, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

48.     At the time of the Initial Transfer, the Debtor knew, or should have known, his creditors held claims against him.

49.     At the time of the Initial Transfer, the Debtor was indebted to creditors.

50.     The Initial Transfer constitutes a fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

51.     By reason of the foregoing, the Plaintiff is entitled to an order: (a) avoiding the Initial Transfer; or (b) recovering the Debtor's interest in the Property, which is at least fifty percent (50%), or the fair market value thereof, pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against defendants Michael and Julia in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL AND JULIA
### (Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A))

52.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "51" as if set forth fully herein.

53.     The Initial Transfer was made within six (6) years of the Petition Date.

54.     At the time of the Initial Transfer, the Debtor knew, or should have known, that his creditors held claims against him.

55.     Upon information and belief, the Initial Transfer was made by the Debtor (and Kaiser) with the intent to hinder, delay, or defraud his creditors.

56.     The Initial Transfer constitutes a fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code.

57.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Initial Transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against defendants Michael and Julia in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### FOURTH CLAIM FOR RELIEF AGAINST MICHAEL AND JULIA
#### (Recovery of Fraudulent Transfer under § 11 U.S.C. § 550)

58.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "57" as if set forth fully herein.

59.    Section 550(a) of the Bankruptcy Code provides in relevant part:

> [T]o the extent that a transfer is avoided under section 544, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer or the entity for whose benefit such transfer was made; or . . . any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

60.    Under section 550(a) of the Bankruptcy Code, the Plaintiff may recover the Debtor's interest in the Initial Transfer, which is at least fifty percent (50%), or the fair market value thereof.

61.    By reason of the foregoing, the Plaintiff is entitled to an order recovering the Debtor's interest in the Initial Transfer, or the fair market value thereof, which is at least fifty percent (50%), pursuant to section 550 of the Bankruptcy Code and a judgment against defendants Michael and Julia in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL AND JULIA**
**(Fraudulent Transfer under § 273 of the DCL)**

62.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "61" as if set forth fully herein.

63.    The Initial Transfer was made within six (6) years of the Petition Date.

64.    At the time of the Initial Transfer, the Debtor was insolvent or was thereafter rendered insolvent.

65.    Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Initial Transfer.

66.    The Initial Transfer constitutes a fraudulent transfer in violation of section 273 of the DCL.

67.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, the Plaintiff may avoid the Initial Transfer.

68.    By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Initial Transfer pursuant to section 273 of the DCL and judgment against defendants Michael and Julia in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL AND JULIA**
**(Fraudulent Transfer under § 274 of the DCL)**

69.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "68" as if set forth fully herein.

70.    The Initial Transfer was made within six (6) years of the Petition Date.

71.     At the time of the Initial Transfer, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in his hands after the Initial Transfer was an unreasonably small capital.

72.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Initial Transfer.

73.     The Initial Transfer constitutes a fraudulent transfer in violation of section 274 of the DCL.

74.     Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, the Plaintiff may avoid the Initial Transfer.

75.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Initial Transfer pursuant to section 274 of the DCL and judgment against defendants Michael and Julia in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL AND JULIA
### (Fraudulent Transfer under § 275 of the DCL)

76.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "75" as if set forth fully herein.

77.     The Initial Transfer was made within six (6) years of the Petition Date.

78.     At the time of the Initial Transfer, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

79.     Upon information and belief, the Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Initial Transfer.

80.     The Initial Transfer constitutes a fraudulent transfer in violation of section 275 of the DCL.

81.     Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, the Plaintiff may avoid the Initial Transfer.

82.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Initial Transfer pursuant to section 275 of the DCL and judgment against defendants Michael and Julia in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL AND JULIA
#### (Fraudulent Transfer under § 276 of the DCL)

83.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "82" as if set forth fully herein.

84.     Upon information and belief, the Initial Transfer was made by the Debtor (and Kaiser) with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of section 276 of the DCL.

85.     Under sections 544(b) and 550 of the Bankruptcy Code, and section 276 of the DCL, the Plaintiff may avoid the Initial Transfer.

86.     By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Intial Transfer pursuant to section 276 of the DCL and judgment against defendants Michael and Julia in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL, AS TRUSTEE, JULIA, AS TRUSTEE AND THE TRUST
### (Avoidance and Recovery of Subsequent Transfer Under DCL §§ 278 and/or 279 and 11 U.S.C. §§ 544(b), 548, 550(a) and 551)

87.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "86" as if set forth fully herein.

88.     The Subsequent Transfer was transferred by Michael and Julia to Michael, as Trustee, Julia, as Trustee and the Trust.

89.     Michael, as Trustee and Julia, as Trustee are the trustees of the Trust.

90.     The Subsequent Transfer was made directly or indirectly to Michael, as Trustee and Julia, as Trustee and the Trust.

91.     Michael, as Trustee and Julia, as Trustee are immediate or mediate transferees of the Subsequent Transfer from Michael and Julia.

92.      By reason of the foregoing, pursuant to sections 278 and/or 279 of the DCL and sections 544(b), 548(a), 550(a) and 551 of the Bankruptcy Code the Plaintiff is entitled to a judgment against defendants Michael, as Trustee, Julia, as Trustee and the Trust: (a) avoiding the Subsequent Transfer; (b) directing that the Subsequent Transfer be set aside; and (c) recovering the Subsequent Transfer, or the fair market value thereof, from defendants Michael, as Trustee, Julia, as Trustee and the Trust for the benefit of the Debtor's bankruptcy estate and judgment against defendant Michael, as Trustee, Julia, as Trustee and the Trust in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL, AS TRUSTEE, JULIA, AS TRUSTEE AND THE TRUST
### (Declaratory Relief and Equitable Lien)

93.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "92" as if set forth fully herein.

94.    As of the Petition Date, the Debtor had a legal and/or equitable interest in the Property constituting property of his bankruptcy estate under section 541 of the Bankruptcy Code.

95.    Upon information and belief, Michael, as Trustee, Julia, as Trustee and the Trust knew or should have known that they were holding assets – the Debtor's interest in the Property, which is at least fifty percent (50%) – comprising of the Debtor's bankruptcy estate.

96.    By keeping the title to the Property in the names of Michael, as Trustee, Julia, as Trustee (who are the trustees of the Trust) and the Trust, and thereby keeping the asset out of the name of the Debtor, which is the equivalent to a fraudulent conveyance, the creditors of the bankruptcy estate have been deprived of an asset that would otherwise have been available to them.

97.    By keeping the title to the Property in the names of Michael, as Trustee, Julia, as Trustee (who are the trustees of the Trust) and the Trust, which is the equivalent to a fraudulent conveyance, Michael, as Trustee, Julia, as Trustee and the Trust have been unjustly enriched by the contributions made by the Debtor.

98.    Accordingly, under 28 U.S.C. § 2201, the Plaintiff is entitled to a judgment: (a) declaring that, as of the Petition Date, the Debtor's interest in the Property, which is at least fifty percent (50%), is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; and (b) imposing an equitable lien on the Property for the benefit of creditors of the bankruptcy estate.

## ELEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Transfer under § 276-a of the DCL)

99.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "98" as if set forth fully herein.

100.     The Initial Transfer was made by the Debtor (and Kaiser) and received by Michael and Julia with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

101.     The Initial Transfer was received by Michael and Julia with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

102.     The Initial Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of Section 276-a of the DCL.

103.     The Subsequent Transfer was made by Michael and Julia and received by Michael, as Trustee, Julia, as Trustee and the Trust with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

104.     The Subsequent Transfer was received by Michael, as Trustee, Julia, as Trustee and the Trust with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

105.     The Subsequent Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of Section 276-a of the DCL.

106.     By reason of the foregoing, the Plaintiff is entitled to a judgment against Michael, Julia, Michael, as Trustee, Julia, as Trustee and the Trust under Section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

### TWELFH CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL AND JULIA
### (Unjust Enrichment Under New York Law)

107.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "106" as if set forth fully herein.

108.    Michael and Julia were enriched as a result of the Initial Transfer.

109.    The enrichment of Michael and Julia was at the expense of the Debtor.

110.    The circumstances relating to the Initial Transfer are such that equity and good conscience require Michael and Julia to compensate the Debtor's estate.

111.    By reason of the foregoing, the Plaintiff is entitled to an order and judgment against Michael and Julia in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL, AS
### TRUSTEE, JULIA, AS TRUSTEE AND THE TRUST
### (Unjust Enrichment Under New York Law)

112.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "111" as if set forth fully herein.

113.    Michael, as Trustee, Julia, as Trustee and the Trust were enriched as a result of the Subsequent Transfer.

114.    The enrichment of Michael, as Trustee, Julia, as Trustee and the Trust was at the expense of the Debtor.

115.    The circumstances relating to the Subsequent Transfer are such that equity and good conscience require Michael, as Trustee, Julia, as Trustee and the Trust to compensate the Debtor's estate.

116.     By reason of the foregoing, the Plaintiff is entitled to an order and judgment against Michael, as Trustee, Julia, as Trustee and the Trust in an amount as yet undetermined, but in no event believed to be less than fifty percent (50%) of the fair market value of the Property, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

## <u>RESERVATION OF RIGHTS</u>

117.     During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendants' names; (iii) additional defendants; (iv) additional causes of action; and/or (v) to seek recovery of such additional transfers (the "<u>Amendments</u>"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Plaintiff respectfully demands: (i) judgment against the Defendants consistent with the allegations set forth in the Complaint; together with (ii) such other, further and different relief that this Honorable Court deems just, proper and equitable under the facts and circumstances herein.

Dated: October 20, 2021                 Respectfully submitted,
      Huntington, New York

                               **Law Offices of Avrum J. Rosen, PLLC**

By:    */s/ Avrum J. Rosen*
       Avrum J. Rosen, Esq.
       Alex E. Tsionis, Esq.
       38 New Street
       Huntington, New York 11743
       (631) 423-8527
       arosen@ajrlawny.com
       atsionis@ajrlawny.com

       *Counsel to Debra Kramer*
       *Solely as Chapter 7 Trustee of the*
       *Estate of Michael O McComiskey*
       *and Florence C McComiskey aka*
       *Florence McDonald*